UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> AARON CUNNINGHAM and LISA CUNNINGHAM, <br><br> Defendants, <br><br> MAINE REVENUE SERVICES and MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF SUPPORT ENFORCEMENT AND RECOVERY, <br><br> Parties-in-Interest. | 2:19-cv-00306-JAW |

**ORDER ON PLAINTIFF'S MOTION FOR APPROVAL OF CONSENT JUDGMENT**

Having concluded that mortgagee in this foreclosure case has complied with Maine law in demonstrating that it holds the promissory note and is the owner of the mortgage, the Court still defers final approval of the consent judgment of foreclosure to allow the mortgagee to correct a typographical error, clarify whether attorney's fees are included in the judgment, explain the order of priority and amounts due to the parties-in-interest or other parties, provide an interest rate for the post-judgment interest, and differentiate between that interest and the pre-judgment interest.

## I. BACKGROUND

On July 1, 2019, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust (U.S. Bank), filed a foreclosure complaint against Defendants Mr. Aaron Cunningham and Ms. Lisa Cunningham and Parties-in-Interest Maine Revenue Services (MRS) and Maine Department of Health and Human Services Division of Support Enforcement and Recovery (Maine DHHS). *Compl.* (ECF No. 1). U.S. Bank served Mr. Cunningham on July 6, 2019, Ms. Cunningham on July 8, 2019, and Jeanne Lambrew, a commissioner designated by law to accept service of process on behalf of Maine DHHS, on July 9, 2019, and filed proof of service for the three parties on August 1, 2019. *Proof of Service as to Aaron Cunningham* at 2 (ECF No. 8); *Proof of Service as to Lisa Cunningham* at 2 (ECF No. 9); *Proof of Service as to Maine Department of Health and Human Services Division of Support Enforcement and Recovery* at 2 (ECF No. 11). U.S. Bank served Lisa Marchese, a deputy attorney general designated by law to accept service of process on behalf of MRS, on July 9, 2019, and filed proof of service on September 3, 2019. *Proof of Service as to Maine Revenue Services* at 2 (ECF No. 13).

On July 12, 2019, Ms. Cunningham filed an answer to U.S. Bank's Complaint. *Answer of Lisa Cunningham* (ECF No. 5). On July 28, 2019, Maine DHHS filed an answer to the Complaint. *Answer of Party-in-Interest State of Maine Department of Health and Human Services* (ECF No. 6). Maine DHHS filed an amended answer to the Complaint on September 5, 2019. *Am. Answer of Party-in-Interest, State of Maine Department of Health and Human Services* (ECF No. 17).

On September 3, 2019, U.S. Bank filed a motion for entry of default as to Aaron Cunningham, which the Deputy Clerk of Court granted the same day. *Pl.'s Mot. for Entry of Default as to Aaron Cunningham* (ECF No. 14); *Order Granting Motion for Entry of Default as to Aaron Cunningham* (ECF No. 15). On October 3, 2019, U.S. Bank filed a motion for entry of default as to MRS, which the Deputy Clerk of Court granted the same day. *Pl.'s Mot. for Entry of Default as to Party-in-Interest, Maine Revenue Services* (ECF No. 18); *Order Granting Motion for Entry of Default as to Maine Revenue Services* (ECF No. 19).

On October 31, 2019, U.S. Bank moved for the Court's approval of a "Consent Judgment of Foreclosure and Sale" between U.S. Bank, Ms. Cunningham, Mr. Cunningham, and Maine DHHS. *Mot. to Approve Consent J. of Foreclosure and Sale* ¶¶ 3-5 (ECF No. 21). U.S. Bank attached the proposed consent judgment to the motion. *Id.*, Attach. 1, *Consent J. of Foreclosure and Sale* (*Consent J.*).

## II. DISCUSSION

### A. Standing Issues

#### 1. Promissory Note

The Court examined the documents in this case to determine whether U.S. Bank has standing to foreclose against Mr. and Ms. Cunningham. The Maine Supreme Judicial Court explained that "standing to foreclose involves the plaintiff's interest in both the note and the mortgage." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d 700. The Court first turns to the promissory note.

On September 14, 2017, Mr. and Ms. Cunningham indorsed the original note in the amount of $98,000.00 payable to Domestic Bank, a federal savings bank, which is named as the lender. *Compl.*, Attach. 2, *Note* at 1. Domestic Bank made the note payable without recourse to Credit Northeast, Inc. *Id.* at 3. Credit Northeast, Inc. made the note payable without recourse to Countrywide Bank, FSB. *Id.* Countrywide Bank, FSB made the note payable without recourse in blank. *Id.*

In its Complaint, U.S. Bank asserts that "the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendants, Aaron Cunningham and Lisa Cunningham, are the obligor . . . ." *Compl.* ¶ 2. In Count I of the Complaint, U.S. Bank claims that it is "the holder of the Note . . . pursuant to indorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929)," and that "[a]s such, [U.S. Bank] has the right to foreclosure upon the subject property." *Id.* ¶ 29. U.S. Bank adds that it is "the current owner and investor of the aforesaid Mortgage and Note." *Id.* ¶ 30.

Under Maine law, section 3-1301 of title 11 "permits a party to enforce a note if it is the 'holder' of the note, that is, if it is in possession of the original note that is indorsed in blank." *Greenleaf*, 2014 ME 89, ¶ 10. The Court accepts U.S. Bank's evidence that it has "possession of the original note that is indorsed in blank," and is the "'holder' of the note," and therefore U.S. Bank "enjoys the right to enforce the debt." *Id.* ¶¶ 10-11. That Domestic Bank and Credit Northeast indorsed the note

without recourse is of no moment, because Countrywide subsequently indorsed the note in blank and U.S. Bank has possession of the note. *Fed. Nat'l Mortg. Ass'n v. First Magnus Fin. Corp.*, No. RE-16-068, 2018 Me. Super. LEXIS 209, at *1 (Me. Super. Ct. Sept. 25, 2018) (*overruled on other grounds by Beal Bank USA v. New Century Mortg. Corp.*, 2019 Me 150, 217 A.3d 731).

### 2. The Mortgage

The Court turns to the second element of standing, the mortgage. *Greenleaf*, 2014 ME 89, ¶ 12 ("[T]o be able to foreclose, a plaintiff must also show the requisite interest in the mortgage"). The Maine Law Court pointed out in *Greenleaf* that, "[u]nlike a note, a mortgage is not a negotiable instrument." *Id.* Therefore, the plaintiff in a foreclosure action must establish "*ownership* of the mortgage." *Id.* (emphasis in original).

Here, Mr. and Ms. Cunningham borrowed money from Domestic Bank, which is listed as the lender in the mortgage. *Compl.* Attach. 3, *Mortgage.* The Cunningham-Domestic Bank mortgage also refers to Mortgage Electronic Registration Systems, Inc. (MERS), *id.* at 1, in virtually the same language the Law Court found did not create an ownership interest in MERS. *Greenleaf*, 2014 ME 89, ¶ 14 ("MERS [did] not qualify as a mortgagee pursuant to our foreclosure statute") (quoting *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 10-11, 2 A.3d 289) (alteration in original); *Saunders*, 2010 ME 79, ¶ 11 ("MERS's only right is the right to record the mortgage").

5

In its Complaint, U.S. Bank alleges that MERS assigned the mortgage to Bank of America, N.A., which assigned it to Federal National Mortgage Association (FNMA), which in turn assigned it to U.S. Bank. *Compl.* ¶¶ 11-13, 16. If this were the entire sequence, U.S. Bank could not claim ownership because MERS could not transfer something it never had under Maine law. *Greenleaf*, 2014 ME 89, ¶¶ 16-17. However, on March 29, 2018, Sally Battison, Vice President and Director of Loan Servicing for Admirals Bank, signed a quitclaim assignment on behalf of Admirals Bank, a/k/a Domestic Bank, in favor of FNMA as assignee. *Compl.*, Attach. 7, *Quitcl. Assignment* (*Quitcl. Assignment*).[1] The subsequent assignment from FNMA to U.S. Bank thereby grants U.S. Bank ownership for purposes of this foreclosure.

### 3. The Note and Mortgage

Having confirmed, as *Greenleaf* requires, that U.S. Bank has an "interest in both the note and the mortgage," 2018 ME 89, ¶ 9, the Court concludes that U.S. Bank has standing to proceed with its foreclosure.

### B. Other Issues

Under 14 M.R.S. § 6321, the foreclosure statute states that a foreclosure complaint must by reason of the stated breach "demand a foreclosure and sale." U.S. Bank's Complaint only demands a foreclosure. *See Compl.* ¶ 34. ("By virtue of the

---

[1] The assignment reads "Admirals Bank aka Domestic Bank," but there is no independent evidence connecting the two and proving why Ms. Battison has the authority to assign the mortgage for Domestic Bank. *Id.* In fact, the Complaint does not mention Admirals Bank. The assignment from FNMA to U.S. Bank, *see Compl.*, Attach. 8, *Assignment of Mortgage*, follows from the quitclaim assignment, so its validity rests on the validity of the assignment from Domestic Bank to FNMA. Absent an objection, the Court is willing to accept at face value that Ms. Battison had the authority to act on behalf of Domestic Bank and by implication, Admirals Bank was at one point doing business as Domestic Bank. However, the Plaintiff would be wise in the future to make plain the link between the original mortgagee, Domestic Bank, and the assignor, Admirals Bank.

6

Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate"). It might well be argued that a foreclosure contemplates a sale, but the Maine Supreme Judicial Court has repeatedly emphasized that Maine's foreclosure statute must be strictly construed. *Greenleaf*, 2014 ME ¶ 18. Absent authority that mandates that the Court deem this omission fatally defective, the Court will approve the consent judgment, leaving counsel for U.S. Bank to make his own determination.

With this said, the proposed consent judgment contains what may be several mistakes. First, the "amount adjudged due and owing" is listed as $12,257.54 rather than $152,257.54 the first time it appears. *See Consent J.* ¶ 1. Second, the proposed consent judgment does not mention attorney's fees. *See id.*; 14 M.R.S. § 6111. Third, the proposed consent judgment does not discuss the order of priority and amounts due to the parties-in-interest or other parties. *See Consent J.* ¶ 2 (stating that U.S. Bank has first priority and that "any surplus" will be "disbursed pursuant to Paragraph 5 of this Judgment," but not providing a fifth paragraph in the proposed consent judgment). Fourth, the proposed consent judgment does not provide an interest rate for the post-judgment interest. Fifth, the proposed consent judgment does not differentiate between pre-judgment and post-judgment interest.

## III. CONCLUSION

The Court DEFERS RULING on U.S. Bank's Motion to Approve Consent Judgment of Foreclosure and Sale (ECF No. 21) and, assuming the parties still consent, the Court ORDERS U.S. Bank to provide a supplemental consent judgment responding to these issues within two weeks of this order.

SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2019